# CASE NO. 24-4004

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KENNETH MILLER,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

---

## OPENING BRIEF OF APPELLANT

---

Alfred Guillaume III
LAW OFFICES OF ALFRED GUILLAUME III
6305 Ivy Lane
Suite 700
Greenbelt, MD 20770
202-321-0549
ag3law@gmail.com

*Counsel for Appellant*

**LANTAGNE LEGAL PRINTING**
1108 East Main Street, Suite 1201 • Richmond, VA 23219 • 804-644-0477

## TABLE OF CONTENTS

                                                                                      Page

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF SUBJECT MATTER AND
    APPELLATE JURISDICTION ........................................................................1

STATEMENT OF ISSUES PRESENTED................................................................1

STATEMENT OF THE CASE...................................................................................1

    I.       THE CHARGES...................................................................................1

    II.      PROCEDURAL HISTORY ................................................................2

    III.    RELEVANT FACTS...........................................................................2

SUMMARY OF THE ARGUMENT .........................................................................3

POTENTIAL ARGUMENT.......................................................................................3

    I.       Whether the court erred when it determined that the base offense level was 20, pursuant to United States Sentencing Guideline § 2K2.1(a)(4)(A).............................................................................3

           A. Standard of Review .........................................................................3

           B. Discussion ........................................................................................3

CONCLUSION...........................................................................................................5

ORAL ARGUMENT..................................................................................................5

i

# TABLE OF AUTHORITIES

## Cases

*Anders v. California*,
　386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493, *reh'g denied*,
　388 U.S. 924, 87 S. Ct. 2094, 18 L.Ed.2d 1377 (1967) ..................................... 1

*United States v. Groves*,
　65 F.4th 166 (4th Cir. 2023) ............................................................................. 4

*United States v. Johnson*,
　945 F.3d 174 (4th Cir. 2019) ............................................................................ 4

*United States v. Jones*,
　308 F.3d 425 (4th Cir. 2002) ............................................................................ 3

## Statutes

18 U.S.C. § 922 ................................................................................................. 1, 2
18 U.S.C. § 3231 ..................................................................................................... 1
18 U.S.C. § 3742 ..................................................................................................... 1
28 U.S.C. § 1291 ..................................................................................................... 1

## Rules

Fed. R. Crim. P. 11 ................................................................................................ 2

## United States Sentencing Guidelines

USSG § 2K2.1 ............................................................................................. 1, 2, 3, 4
USSG § 3E .............................................................................................................. 3

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Kenneth Miller appeals from final judgment: his criminal conviction for Felon in Possession of a Firearm and Ammunition by a Prohibited Person under 18 U.S.C. §922(g)(1). The district court had jurisdiction under 18 U.S.C. § 3231 (2018). This Court has jurisdiction under 28 U.S.C. §1291 (2021) and 18 U.S.C. § 3742(a) (2021).

## STATEMENT OF ISSUES PRESENTED

After reviewing the record, counsel for Mr. Miller has determined that Mr. Miller has no meritorious grounds for appeal. Counsel for Mr. Miller asks the Court to conduct an independent review of the record per *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493, *reh'g denied*, 388 U.S. 924, 87 S. Ct. 2094, 18 L.Ed.2d 1377 (1967), to determine if prejudicial error exists. Counsel for Mr. Miller has considered the following potential issue**:**

1. Did the Court err when it determined that the applicable base offense level of the instant offense was 20, pursuant to USSG § 2K2.1(a)(4(A)?

## STATEMENT OF THE CASE

### I. THE CHARGES

On December 1, 2022, a grand jury in the District of Maryland returned a a two-count indictment against Kenneth Miller, charging him with Possession of Firearm and Ammunition by a prohibited person, in violation of 18 U.S.C.

1

§922(g)(1); and Possession of a Firearm in a School Zone, in violation of 18 U.S.C. §922(q)(2)(A). JA 7-10.

## II. PROCEDURAL HISTORY

On June 1, 2023, Mr. Miller appeared before the District Court and entered a plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to Count One of the indictment. JA 16. On September 27, 2023, Mr. Miller was sentenced to a term of imprisonment of thirty-six (36) months. JA 96-97. On December 21, 2023, the Defendant filed a pro-se notice of appeal. JA 102-103.

## III. RELEVANT FACTS

Pursuant to the terms of the plea agreement, the parties agreed to a sentencing range of twenty-four (24) to forty-two (42) months of imprisonment. JA 52. The plea agreement further provided that the government believed that the applicable base offense level was twenty (20), pursuant to United States Sentencing Guideline § 2K2.1(a)(4)(A), and the Defendant believed the applicable base offense level was fourteen (14), pursuant to United States Sentencing Guideline § 2K2.1(a)(6)(A). JA 51.

At sentencing, the District Court agreed with the government, that the applicable base offense level was twenty (20) pursuant to § 2K2.1(a)(4)(A). JA 69. The parties agreed that the Defendant's criminal history category was three (III). JA 70. The District Court found that the final offense level was 19, after taking

2

into consideration the Defendant's acceptance of responsibility pursuant § 3E1.1(a) of the Guidelines, and the imposition of a sentencing enhancement pursuant to § 2K2.1(b)(4) because the firearm was stolen. JA 70. The District Court determined that the Defendant's guidelines were thirty-seven (37) to forty-six (46) months. JA 71. The District Court sentenced Mr. Miller to thirty-six months of imprisonment. JA 87.

## SUMMARY OF THE ARGUMENT

Undersigned counsel for Mr. Miller submits this brief under the Supreme Court's decision in *Anders*. Counsel has considered the following potential issue: (1) Whether the court erred when it determined that the base offense level was 20, pursuant to United States Sentencing Guideline § 2K2.1(a)(4)(A).

## POTENTIAL ARGUMENT

**I.    Whether the court erred when it determined that the base offense level was 20, pursuant to United States Sentencing Guideline § 2K2.1(a)(4)(A).**

### A. Standard of Review

"An appellate court reviews a district court's interpretation and application of the U.S. Sentencing Guidelines Manual De Novo." *United States v. Jones*, 308 F. 3d 425, (4th Cir. 2002).

### B. Discussion

The presentence report found that the base offense level of the instant offense was twenty (20) because "the defendant committed any part of the instant

3

offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." JA 107. *See* USSG § 2K2.1(a)(4)(A). The District Court agreed with the recommendation of the presentence report ("PSR"). JA 70. According to the PSR, Mr. Miller pled guilty to possession with intent to distribute narcotics on July 15, 2014. JA 112-113. The District Court determined that Mr. Miller's conviction constituted a felony-controlled substance offense for purposes of USSG § 2K2.1(a)(4)(A). JA 66-68.

In *United States v. Johnson,* 945 F.3d 174, 183, (4th Cir. 2019), this Court held that Maryland possession with intent to distribute constitutes a controlled substance offense." In its ruling, the District Court pointed to three prior cases where judges ruled in accordance with the precedent set in *Johnson*.[1] Moreover, the District Court noted that after this Court's decision in *United States v. Groves*, 65 F.4th 166, (4th Cir. 2023), it concluded that Maryland drug distribution qualifies as a 4B1.2(b) controlled substance offense. Therefore, consistent with the Fourth Circuit precedent mentioned by the District Court at sentencing, it appears that the Court appropriately applied the § 2K2.1(a)(4)(A) guideline.

---

[1] See *United States v. McCullough*, ELH-21-207, *United States v. Branch*, RDB-21-014, and *United States v. Kyler*, TDC-21-497.

4

## CONCLUSION

After repeated and close examination of the record and review of the relevant law, the undersigned is unable to identify issues with sufficient merit to support relief on appeal. The undersigned respectfully asks this Court to conduct a full examination of the record for possible prejudicial error and decide if any meritorious errors exist and if so, grant Mr. Miller the relief he is due.

## ORAL ARGUMENT

Counsel for Mr. Davis does not request oral argument.

Respectfully submitted on April 3, 2024,

*/s/ Alfred Guillaume III*
Alfred Guillaume III, Esq.
Law Offices of Alfred Guillaume III, LLC
6305 Ivy Ln., Suite 700
Greenbelt, MD 20770
202-321-0549

*Counsel for Appellant*

5

## CERTIFICATE OF SERVICE

I certify that on April 3, 2024, I electronically filed this brief via CM/ECF, which will send notice to all counsel of record.

I further certify that on April 3, 2024, I have mailed the foregoing Anders Brief of Appellant and a Certificate of Service of Anders Brief to the Defendant at:

Kenneth Miller
Reg# 37265-510

FCI Gilmer
Federal Correctional Institution
201 FCI Lane
Glenville, WV  26351

                                            /s/ Alfred Guillaume III
                                            Alfred Guillaume III, Esq.